UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD ROACH, : | |
| : | |
| Petitioner, : | Civil Action No. 19-21707 (MAS) |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| THE ATTORNEY GENERAL OF : | |
| THE STATE OF NEW JERSEY, et al., : | |
| : | |
| Respondents. : | |

Petitioner Reginald Roach, a prisoner confined at East Jersey State Prison, is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) He concurrently filed a request for a stay and abeyance of his petition. (Correspondence, Jan. 1, 2020, ECF No. 2.) For the reasons explained in this Memorandum and Order, the Court will deny Petitioner's request for a stay without prejudice.

A petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must "exhaust[] the remedies available in the courts of the State" before applying for habeas relief. *See* 28 U.S.C. 2254(b)(1)(A). In "limited circumstances," a court may grant a petitioner a protective stay to allow him to return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). The United States Supreme Court has held that a stay is "only appropriate" where the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544

U.S. at 277–78.  A petitioner bears the burden of showing that he is entitled to a stay.  *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

Here, Petitioner does not indicate what claims he is seeking a stay to exhaust.  Petitioner's request for a stay only cites to the holdings of three New Jersey Appellate Division cases, without further elaboration.  (Correspondence, Jan. 1, 2020 at 1–2, ECF No. 2.)  Based upon this lack of information, the Court is unable to determine what claims Petitioner is seeking to exhaust, whether those claims are potentially meritorious, and whether Petitioner had good cause for his failure to exhaust those claims previously.  *See Rhines*, 544 U.S. at 277–78.  Accordingly, the Court will deny Petitioner's motion for a stay without prejudice to his filing of a new motion for a stay within forty-five (45) days that complies with *Rhines*.  The motion for a stay must clearly identify each unexhausted claim and show the following: (1) that Petitioner's unexhausted claims are potentially meritorious; (2) that he has good cause for failing to exhaust; and (3) that he has not engaged in intentionally dilatory litigation tactics.  To the extent the original petition does not include all claims Petitioner seeks to raise in this habeas petition, he shall also submit an amended petition that includes all claims for relief, both exhausted and unexhausted.

Additionally, since Petitioner filed his request for a stay shortly after he filed his § 2254 petition, Respondents have not yet been served by the Clerk of the Court with the habeas petition. In order to ensure that Respondents may be heard on Petitioner's renewed motion for a stay, should Petitioner choose to file one, the Court will also order the Clerk of the Court to serve the habeas petition on Respondents.

**IT IS THEREFORE** on this  *13th*  day of  *November* , 2020,

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Memorandum and Order, as well as Petitioner's habeas

petition, on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau;

**ORDERED** also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Memorandum and Order;

**ORDERED** that the request to stay the § 2254 petition (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

**ORDERED** that Petitioner has forty-five (45) days from the date of the entry of this Memorandum and Order to submit a renewed motion for a stay that complies with *Rhines v. Weber*, 544 U.S. 269 (2005);

**ORDERED** that Petitioner shall submit an amended petition that includes all claims, both exhausted and unexhausted, if his original petition does not include all claims he wishes to raise in this proceeding;

**ORDERED** that within forty-five (45) days of Petitioner's submission of a renewed motion for a stay, Respondent may submit a response and any documents relevant to the stay; if the Court determines that an answer to the entire Petition is needed, a full order to answer will be entered at a later date; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order by regular mail upon Petitioner at the address on file.

_____/s/ M. Shipp_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**