**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

REGINALD ROACH,

               Petitioner,

               v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

               Respondents.

Civil Action No. 19-21707 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner Reginald Roach's motion requesting a stay of this habeas matter so that he might return to state court to exhaust several previously unraised claims. (ECF No. 6.) By way of background, Petitioner filed his petition in this matter in December 2019. (ECF No. 1.) He thereafter filed a letter request for a stay so that he might exhaust unspecified unexhausted claims which had not been raised in his initial petition. (ECF No. 2.) On November 13, 2020, this Court denied that request as Petitioner had failed to explain what claims he wished to exhaust in the state courts, and this Court could therefore not determine whether he was entitled to a stay pursuant to the Supreme Court's ruling in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). (ECF No. 4.)

Petitioner thereafter filed his current motion. (ECF No. 6.) In his new motion seeking a stay, Petitioner requests that he be permitted to return to state court to exhaust four claims: two claims in which he asserts that trial and in turn appellate counsel proved ineffective in failing to argue that his DNA was improperly seized when the state required him to submit a buccal swab for testing in his underlying criminal matter, a claim asserting that PCR counsel was ineffective in

failing to raise those two claims, and a final claim in which he asserts that his conviction for first-degree sexual assault pursuant to N.J. Stat. Ann. § 2C:14-2(a)(3) was improper because he did not commit an aggravated assault upon someone other than the victim, which he believes is required to support such a conviction pursuant to the New Jersey Supreme Court's decision in *State v. Rangel*, 213 N.J. 500 (N.J. 2013). Although none of these claims were raised in Petitioner's currently pending habeas petition, it appears Petitioner intends to exhaust these claims in state court and thereafter amend his habeas petition to assert them once they are exhausted.

As this Court previously explained to Petitioner,

> A petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must "exhaust[] the remedies available in the courts of the State" before applying for habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). In "limited circumstances," a court may grant a petitioner a protective stay to allow him to return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition. *See Rhines*[, 544 U.S. at 277]; *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). The United States Supreme Court has held that a stay is "only appropriate" where the district court determines that the petition "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines* 544 U.S. at 277-78. A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n. 8 (3d Cir. 2008).

(ECF No. 4 at 1-2).

Here, Petitioner seeks permission to return to state court to exhaust four claims. Of those four, two lack even arguable merit. First, although Petitioner asserts that his conviction under § 2C:14-2(a)(3) is improper because he was not also convicted of committing aggravated assault "upon another" other than his victim, he ignores the fact that committing aggravated assault on someone other than the victim is only one way in which one can be convicted under the statute. The statute also clearly permits a conviction for first-degree aggravated sexual assault where the

assault occurred "during the commission, or attempted commission . . . of" a number of different supporting crimes including "aggravated assault on another [or] . . . burglary." N.J. Stat. Ann. § 2C:14-2(a)(3) (2004); *see also Rangel*, 213 N.J. at 510.[1]  As petitioner was clearly convicted of burglary in the same incident, it fully appears that his conviction under § 14-2(a)(3) is well supported as the sexual assault in question occurred during the commission of a burglary. (*See* Document 1 attached to ECF No. 1 at 10-11, 32).  Because Petitioner was convicted of sexual assault "during the course of a burglary," (*see id.* at 32), and not sexual assault in the course of "aggravated assault on another," the New Jersey Supreme Court's decision in *Rangel* is irrelevant, and his claim premised on that decision does not appear to be of potential merit.

Petitioner's claim of ineffective assistance of PCR counsel likewise serves as no basis for habeas relief, and would therefore be insufficient to warrant a stay. *See* 28 U.S.C. § 2254(i) (ineffectiveness of PCR counsel "shall not be a ground for relief" under § 2254).  As such, Petitioner would only be entitled to a stay if his claim that either trial or appellate counsel were constitutionally ineffective in failing to argue that his buccal swab was an unlawful seizure is of potential merit.  In his motion, however, the only basis he presents to support his conclusion that this swab was an unlawful seizure is his assertion that his DNA "was already in the [DNA] database based upon a previous conviction" and the taking of his swab was therefore unnecessary. (ECF No. 6 at 15.)  Petitioner's claim, however, serves as its own refutation – if Petitioner's buccal swab was only unreasonable because his DNA was already available to the state, then he could not have been prejudiced by counsel's failure to object to the DNA sample being taken as the state

---

[1] This Court refers to the 2004 version of the statute as that was the version in effect at the time of Petitioner's underlying crime and conviction.  The statute has been amended several times since Petitioner's conviction, most notably in January 2020 when the state legislature amended the statute to eliminate the New Jersey Supreme Court's distinction between an aggravated assault on the victim and one upon another meant to induce the victim's cooperation as discussed in *Rangel*, 213 N.J. at 508-516.

could have simply used the DNA Petitioner alleges was already on file.  Petitioner's claim is therefore a catch-22 – either the buccal swab was necessary because the state did not have his DNA to test, or it was unnecessary but harmless because the state could have compared the DNA in this matter to Petitioner's previously submitted DNA samples.[2]  Petitioner's final new claims thus also appear to lack potential merit.  *See, e.g., Strickland v. Washington*, 466 U.S. 668, 692-93 (1984) (a claim of ineffective assistance of counsel will only succeed where the petitioner shows he was prejudiced by counsel's alleged failings).  As Petitioner has failed to show that he has any unexhausted claims which are potentially meritorious, he has failed to show his entitlement to a stay of this matter.  *Rhines*, 544 U.S. at 277-78.  Petitioner's motion is therefore denied.[3]

IT IS THEREFORE on this 22nd day of April, 2021, ORDERED that:

1. Petitioner's motion seeking a stay of this matter (ECF No. 6) is DENIED; and it is further ordered

2. The Clerk of the Court shall serve a copy of this Order upon Respondents electronically and upon Petitioner by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] This Court further notes that the State case on which Petitioner relies to argue that the seizure of his DNA was improper stands only for the proposition that it is improper to take a new DNA sample from an individual who was already in a DNA database, *State v. Gather*, 449 N.J. Super. 265, 270-73 (App. Div. 2017), explicitly recognized that such a swab would not amount to an impermissible taking if either taken incident to a lawful arrest or where the state shows probable cause in the event the swab was taken long after arrest.  As it appears in this matter that Petitioner's swab was obtained by a court order, and as Petitioner has not even attempted to show that this order was not obtained following a showing of probable cause, *Gather* does not appear to be directly analogous to Petitioner's case.

[3] Because Petitioner has not amended his habeas petition to include these unexhausted claims, this Court need not dismiss his petition for lack of exhaustion as all of the claims contained in Petitioner's original petition appear to have been raised in the state courts.

4